**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

GULF COAST BANK & TRUST CO.,

    Plaintiff,

    vs.

PRESTIGE INFUSIONS LLC AND ALI ATSHAN,

    Defendants/Third-Party Plaintiff,

    vs.

SANTANDER BANK, N.A., HUMZA KHAN, AREEBA KHAN, AYSHA KHAN, ADBUALLAH ALAQRABAWI, SYED HASSAN, IQRA KHAN, MBF AUTO LLC DOING BUSINESS AS MERCEDES-BENZ OF CALDWELL, DOES 1-10 AND ABC CORPORATIONS 1-10.

    Third-Party Defendants.

**CIVIL ACTION NO.:**  2:26-cv-4496

**NOTICE OF REMOVAL**

Defendant Ali Atshan through his counsel, Northeast New Jersey Legal Services, Inc, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division--Hudson County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, a copy of this Notice of Removal is being served on the Plaintiff.

**<u>INTRODUCTION</u>**

1. On September 16, 2025, Plaintiff Gulf Coast Bank & Trust Company (hereinafter "Plaintiff" or "Gulf Coast") filed a complaint in the Superior Court of New Jersey, Law Division--Camden County, styled as Gulf Coast Bank & Trust Co. vs. Prestige Infusions

LLC and Ali Atshan, Docket No. CAM-L003082-25 (hereinafter the "State Court Action") Exhibit A at 010-015.

2. The State Court Action concerns an alleged commercial loan made in the principal amount of $189,332.63, evidenced by an alleged Promissory Note and Security Agreement that was allegedly executed by Defendant Ali Atshan (hereinafter "Defendant" or "Mr. Atshan") as the Guarantor of the loan. Exhibit A at 244.

3. The originator of the loan is Santander Bank, N.A., and the loan upon information and belief was for the purchase of a medical van from MBF Auto LLC D/B/A Mercedes-Benz of Caldwell. Exhibit A at 236-244.

4. Allegedly, the loan was subsequently sold to Plaintiff a Louisiana State Chartered Bank with its corporate headquarters located at 200 Saint Charles Avenue, New Orleans, Louisiana. https://banks.data.fdic.gov/bankfind-suite/bankfind/details/32974 (Last visited April 16, 2026).

5. Plaintiff has 38 domestic locations in 6 states, none of its location is in the State of New Jersey. https://banks.data.fdic.gov/bankfind-suite/bankfind/details/32974 (Last visited April 16, 2026).

6. Mr. Atshan is a citizen of the State of New Jersey who resides in North Bergen, Hudson County. Exhibit A at 082-087.

7. Mr. Atshan is a victim of identity theft and has been identified as such by the United States Department of Justice. Exhibit A at 084 ¶¶ 21-27.

8. On October 14, 2025, Gulf Coast dismissed its claims against Defendant Prestige Infusions LLC in the State Court Action. Exhibit A at 027.

9. On December 8, 2025, Gulf Coast requested entry of default because Mr. Atshan had

NOTICE OF REMOVAL-- PAGE 2

failed to file an answer to the complaint. Exhibit A at 016-023.

10. On December 16, 2025, Final Judgment by Default was entered against Mr. Atshan in the amount of $82,948.66. Exhibit A at 171.

11. Mr. Atshan's failure to file an answer to the complaint stems from the fact that he is on a fixed income, consisting solely of his monthly Social Security benefits and wages from his part-time maintenance position with the Hudson County Parks Department. Exhibit A at 082 ¶¶ 1-6.

12. Mr. Atshan could no longer afford to retain a private attorney after spending his limited funds defending at least two other identity theft lawsuits in Virginia and Florida. Exhibit A at 082-087.

13. Mr. Atshan, at his wits end, failed to file an answer and Plaintiff swiftly proceeded to obtain a default judgment against him. Exhibit A at 082-087.

14. Fortunately, Mr. Atshan learned about legal services when he reported this lawsuit to the Special Agent and the Assistant United States Attorney assigned to his identity theft case. Exhibit A at 085 ¶¶ 31-32.

15. On February 2, 2026, after he applied for assistance, Northeast Legal Services, Inc. agreed to represent Mr. Atshan in this matter and executed a retainer agreement. Exhibit A at 085 ¶¶ 32-37.

16. On February 13, 2026, a motion to vacate the default judgment and transfer the case to the Hudson Vicinage of the Superior Court of New Jersey was filed. Exhibit A at 042-129.

17. The motion to vacate the default judgment and transfer this case to the Hudson Vicinage of the Superior Court of New Jersey was granted on March 27, 2026. Exhibit A at 264-

265.

18. The Order vacating the default judgment and transferring this case to the Hudson Vicinage provides that Mr. Atshan file an answer within 30 days. Exhibit A at 265.

19. This case was transferred to the Hudson Vicinage of the Superior Court of New Jersey on April 1, 2026, and assigned docket number HUD-L-001304-26. Exhibit A at 006-009.

20. On April 15, 2026, Mr. Atshan filed an Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint with Demand for Trial by Jury. Exhibit A at 267-286.

21. A completed civil cover sheet and an index of all documents filed in the State Court Action is attached hereto as exhibits. Exhibit A.

22. Since this Complaint was transferred to the Superior Court of New Jersey--Hudson County, the Newark Vicinage of the United States District Court for the District of New Jersey is the proper venue.

23. Pursuant to 28 U.S.C. § 1446, a true copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, simultaneously with the filing in this Court.

24. Pursuant to 28 U.S.C. § 1446, a true and correct copy of this removal will be served upon all parties that have appeared.

25. The Notice of Removal is filed subject to and without waiver of any rights Mr. Atshan may have with respect to Plaintiff's claims.

**<u>BASIS FOR REMOVAL</u>**

26. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy exceeds $75,000. Therefore, this action could have originally been filed in this Court and is now properly

NOTICE OF REMOVAL-- PAGE 4

removed to this Court.

    a.   **There is Complete Diversity of Citizenship Among the Parties.**

27. Plaintiff is a Louisiana State Chartered Bank with its corporate headquarters located at 200 Saint Charles Avenue, New Orleans, Louisiana. https://banks.data.fdic.gov/bankfind-suite/bankfind/details/32974 (Last visited April 16, 2026).

28. In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that for federal diversity purposes, a national bank association is a citizen of the state where its main office is located as set forth in its article of association.

29. The logic of *Wachovia* is applicable here, considering that Plaintiff has no presence in the State of New Jersey and that it is not registered to do business in the State of New Jersey. https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName

30. Unquestionably, Mr. Atshan is a resident of Hudson County and a citizen of the State of New Jersey.

31. In sum, there is complete diversity between Plaintiff and Mr. Atshan.

    b.   **The Amount in Controversy Requirement is Satisfied**

32. As the party invoking diversity jurisdiction, Mr. Atshan bears the burden of proving, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *Judon v. Travelers Property Casual Company of America*, 773 F.3d 495, 506-07 (3d Cir. 2014). But that burden is not especially onerous. In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Saint Paul Mercury Indemnification Company v. Red Cab Company*, 303 U.S. 283, 288-89, (1938). "Accordingly, the question whether a plaintiff's

claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.,* 104 F. 3d 578, 583 (3d Cir. 1977).

33. In the instant case, Plaintiff obtained a default judgment in the amount of $82,948.66 consisting of $66,126.93 together with contractual attorney's fees in the amount of $16,531.73 and court costs of $250.00 and attorney allowance of $40.00. Exhibit A at 171.

34.  In calculating the amount in controversy, the potential attorney's fees should be considered. *Suber v. Chrysler Corp.,* 104 F. 3d 578, 585 (3d Cir. 1997).

35. Based upon the default judgment that Plaintiff initially obtained against Mr. Atshan the amount in controversy satisfies the jurisdictional requirement.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

36. Plaintiff filed its complaint on September 16, 2025; however, the complaint was improperly filed in the Camden Vicinage of the Superior Court of New Jersey.

37. Mr. Atshan had to move to vacate the default judgment that had been entered against him in the wrong Vicinage of the Superior Court of New Jersey and have the case transferred to the proper Vicinage-Hudson County.

38. The March 27, 2026, Orders vacating and transferring this case to the proper Vicinage of the Superior Court of New Jersey provide that Mr. Atshan file an answer within 30 days. Exhibit A at 265.

39. This case is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).

40. The United States District Court for District of New Jersey, Newark Vicinage embraces Hudson County, New Jersey. https://www.njd.uscourts.gov/vicinage-lines-case-assignment (Last visited April 21, 2026).

41. Additionally, Plaintiff and the Defendant are subject to the personal jurisdiction of the State of New Jersey since Plaintiff conducts business in this state and the Defendant is a citizen of the State of New Jersey.

42. No previous application has been made for the removal requested herein.

### **PRESERVATION OF RIGHTS AND DEFENSES**

43. All rights are reserved, including, without limitation, defenses to the claims asserted by Plaintiff, and the right to move for the dismissal of the Complaint.

44. The filing of this Notice of Removal does not preclude the assertion of any defenses and objections that the Defendant may have in this case.

45. Defendant reserves the right to amend or supplement this Notice of Removal and to amend his answer and join additional parties.

WHEREFORE, Defendant Ali Atshan respectfully gives notice that the above-captioned civil action in the Superior Court of New Jersey, Law Division-Hudson County is removed to the United States District Court for the District of New Jersey.

NORTHEAST NEW JERSEY LEGAL SERVICES, INC.

/s/ John Ukegbu
Dated: April 23, 2026          John Ukegbu, Esq.
574 Summit Avenue
Jersey City, New Jersey 07306-2797
Tel. (201) 792-6363 Ext. 3243
Fax. (201) 798-8780
Email: jukegbu@lsnj.org

NOTICE OF REMOVAL-- PAGE 7